# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MELISSA ALBERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-0548-CV-W-SRB |
| ) | |
| FRANKIE REYES, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Plaintiff's Motion to Remand and Response to Defendants' Notice of Removal. (Doc. #6). The motion is DENIED.

**I. Background**

On January 25, 2019, Plaintiff Melissa Alberson filed this personal-injury action in the Circuit Court of Jackson County, Missouri. (Doc. #1-1). Defendant Frankie Reyes filed a Notice of Removal on July 12, 2019, and Defendant Garda CL Southwest, Inc. filed a Consent to Removal on the same date. Defendant Reyes' removal notice states diversity jurisdiction exists in that Plaintiff is an Indiana domiciliary (Doc. #1, ¶ 5), Defendant Reyes is a Texas domiciliary (Doc. #1, ¶ 6), and Defendant Garda is a Texas corporation with its principal place of business in Florida (Doc. #1, ¶ 7). Defendant Reyes' removal notice also states the $75,000 minimum amount in controversy is met due to Plaintiff's alleged injury and corresponding medical damages, in addition to the fact Plaintiff sent a settlement demand to Defendant Garda exceeding $75,000. (Doc. #1, ¶¶ 13-14).

On August 12, 2019, Plaintiff filed the present motion to remand arguing Plaintiff is and was a Missouri domiciliary and Defendant Reyes is, or at the very least was at the time the

Complaint was filed, a Missouri domiciliary.[1]  (Doc. #6, p. 5).  On August 29, 2019, Defendants Reyes and Garda filed a joint opposition to the motion arguing Defendant Reyes was a Texas domiciliary at the time the Complaint was filed.  Defendant Reyes submitted a declaration in support of his claimed Texas-domiciliary status.  Plaintiff did not file a reply in support of her motion.

## II.     Legal Standard

Defendants may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]"  28 U.S.C. § 1441(a).  Pursuant to 28 U.S.C. § 1332(a)(1), "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different states[.]"  Section 1332(a)(1) requires complete diversity, which means "*each* defendant is a citizen of a different State from *each* plaintiff."  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original).  Diversity of citizenship is determined at the time the action is filed.  *Associated Ins. Mgmt. Corp. v. Arkansas Gen. Agency, Inc.*, 149 F.3d 794, 796 (8th Cir. 1998).  "[W]hen determining a party's citizenship, the Court may consider pleadings and supporting affidavits."  *Doe v. Uber Techs., Inc.*, Case No. 17-00610-CV-W-GAF, 2017 WL 7049236, at *2 (W.D. Mo. Sept. 5, 2017) (citations omitted).

"For purposes of diversity jurisdiction, the terms 'domicile' and 'citizenship' are synonymous."  *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990) (citation omitted).  "To establish domicile, an individual must both be physically present in the state and have the intent

---

[1] Plaintiff also argues remand is necessary because Defendant Garda did not consent to removal.  (Doc. #6, p. 5).  However, as previously stated, Defendant Garda filed a Consent to Removal the date the case was removed.  (Doc. #2).

to make his home there indefinitely." *Id.* (citation omitted). "To determine intent, [the court relies] on objective factors, including declarations, exercise of civil and political rights, payment of taxes, obtaining of licenses, location of business or occupation, and ownership of property." *Eckerberg v. Inter-State Studio & Publishing Co*, 860 F.3d 1079, 1085 (8th Cir. 2017) (citation and internal quotation marks omitted). Once an individual has established his domicile, he remains domiciled there until he legally acquires a new domicile." *Yeldell*, 913 F.2d at 537 (citation omitted).

### III.  Discussion

In the motion to remand, Plaintiff states she is a Missouri domiciliary. While the parties' positions on this point are at odds, if Defendant Reyes is a Texas domiciliary, diversity jurisdiction exists regardless of whether Plaintiff is an Indiana or Missouri domiciliary. As a result, the Court first focuses on a determination of Defendant Reyes' domicile.

The underlying accident at issue in this case occurred on or about September 26, 2016, in Jackson County, Missouri. However, the relevant date on which the Court must determine Defendant Reyes' domicile is January 25, 2019, the date Plaintiff filed her Complaint in state court. In support of her motion to remand, Plaintiff argues that as of January 25, 2019, Defendant Reyes maintained his Missouri vehicle registration and Missouri driver's license. In opposing the motion, Defendant Reyes' declaration provides he has lived in Texas since August 2018, maintained employment in Texas since November 7, 2018, and paid taxes in Texas in 2019. (Doc. #10-1). Defendant Reyes also states he intends to stay in Texas indefinitely. (Doc. #10-1). As previously stated, Plaintiff did not reply to Defendant Reyes' opposition.

Upon review of Defendant Reyes' declaration, the Court finds Defendant Reyes was present in the state of Texas on January 25, 2019, and intended at that time to remain there

3

indefinitely. Accordingly, the Court finds Defendant Reyes is a Texas domiciliary, and the Court has diversity jurisdiction over this case.

### IV.     Conclusion

Plaintiff's Motion to Remand and Response to Defendants' Notice of Removal (Doc. #6) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated:  September 19, 2019